| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-2593-AG (KKx)** | Date: | June 11, 2019 |
| Title: | *Richard G. Miro, et al. v. Aerojet General Corporation, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Granting Motion to Compel Plaintiffs' Production of Authorizations to Release Medical Records [Dkt. 41] and Vacating June 13, 2019 Hearing

On May 14, 2019, Defendant Aerojet Rocketdyne, Inc. ("Aerojet") filed a Motion to Compel Plaintiffs' Production of Authorizations to Release Medical Records ("Motion"). ECF Docket No. ("Dkt.") 41. Aerojet also seeks $5,590.00 in attorney's fees and costs incurred in bringing the Motion. Dkts. 41, 45. Plaintiffs Richard G. Miro, Karen Espinoza, Hector Miro, Georgia Espinoza, Jenna Miro, and Freddy Espinoza ("Plaintiffs") have not filed an opposition. For the reasons set forth below, Aerojet's Motion is GRANTED and the hearing set for June 13, 2019 is hereby VACATED.

## I.
## BACKGROUND

This is a wrongful death action arising out of Plaintiffs' allegation that their daughter and sister, Sonyah Miro, contracted, and ultimately died from, acute myeloid leukemia, as a result of exposure to contaminants released into the environment at Aerojet's former munitions assembly and testing plant near Chino Hills, California. Dkt. 1-1, Complaint. On December 13, 2019, Defendants Aerojet, Aerojet Rocketdyne Holdings, Inc., General Dynamics Ordnance & Tactical Systems, Inc., and Olin Corporation removed the action to this Court from the County of Riverside Superior Court ("Defendants"). Dkt. 1.

On March 19, 2019, the Court issued a Scheduling Order, including a requirement that by April 18, 2019, each Plaintiff shall provide to Defendants "written authorization permitting the release to the parties in this action, and their respective counsel, of all documents, files, medical

records and other information in the possession of each health care provider identified in the completed Plaintiff Questionnaire" as part of their Phase I Initial Disclosures. Dkt. 30 at 4. Plaintiffs failed to provide the authorizations to Defendants by the April 18, 2019 deadline.

On April 23, 25, and 29, 2019, Aerojet's counsel sent e-mail correspondence to Plaintiffs' counsel, Robert Finnerty of Girardi and Keese, advising Mr. Finnerty that Plaintiffs' authorizations were past due. Dkt. 41-1, Declaration of Ronald A. Valenzuela ("Valenzuela Decl."), ¶ 7, Exs. G, H, I. Plaintiffs' counsel did not respond. Id. ¶ 8.

On May 3, 2019, Aerojet's counsel sent Plaintiffs' counsel a letter via overnight mail requesting a "meet and confer" conference pursuant to Local Rule 37-1 regarding Plaintiffs' authorizations. Valenzuela Decl., ¶ 8. Plaintiffs' counsel did not respond. Id.

On May 14, 2019, Aerojet filed the instant Motion seeking to compel Plaintiffs to produce the authorizations for medical records immediately and an award of $5,590.00 in reasonable attorney's fees and costs incurred in bringing the Motion. Dkts. 41, 45. Plaintiffs did not file an opposition. See Dkt. 45. The matter thus stands submitted.

## II.
## DISCUSSION

### A. AEROJET'S MOTION IS GRANTED

#### 1. Applicable Law

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Owens v. Fresno Foods, LLC, No. 1:15-CV-01526-SAB, 2016 WL 8731346, at *2 (E.D. Cal. Aug. 19, 2016) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992)). "Disregard of the terms of the scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and the cavalier." Id. (internal citation and quotation omitted).

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), if a party fails to make an initial disclosure as required by Rule 26(a), "any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A); Cordeiro v. Sysco Food Servs. of Sacramento, Inc., No. 2:10-CV-00588 KJN, 2010 WL 5233009, at *3 (E.D. Cal. Dec. 16, 2010) (granting motion to compel plaintiff to serve initial disclosures pursuant to schedule set forth in court's scheduling order).

In addition, Local Rule 7-12 states "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure] 56 may not be granted solely based on the failure to file an opposition." L.R. 7-12.

///

### 2. Analysis

Here, the Court's Scheduling Order required Plaintiffs to serve authorizations for their medical records as part of their Rule 26(a) initial disclosures by April 18, 2019. Dkt. 30 at 4. Plaintiffs failed to serve the required authorizations. Valenzuela Decl., ¶¶ 7-8. Therefore, Plaintiffs have violated the Court's Scheduling Order. Moreover, despite multiple efforts by Defendants' counsel to communicate with Plaintiffs' counsel regarding the status of Plaintiffs' authorization, Defendants have failed to respond. Id. Finally, pursuant to Local Rule 7-12, Plaintiffs' failure to oppose the Motion may be interpreted as consent to granting Aerojet's Motion.

Hence, the Court finds good cause for the relief requested and Aerojet's Motion is GRANTED. Plaintiffs shall serve the authorizations for their medical records as required by the Court's Scheduling Order **on or before June 18, 2019**.

## B. AEROJET'S REQUETS FOR FEES AND COSTS INCURRED IN BRINGING THE MOTION IS GRANTED

### 1. Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a discovery motion, including requiring a pre-filing conference of counsel and joint stipulation. L.R. 37 et seq. Local Rule 37-4 specifically provides "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." Id.

### 2. Analysis

#### a. Aerojet is Entitled to Recover Its Reasonable Expenses

As an initial matter, Plaintiffs have violated multiple provisions of the Local Rules, including Local Rule 37-1 and Local Rule 37-2 by failing to participate in the meet and confer or joint stipulation process. Either violation of the Local Rules justifies sanctions. See L.R. 37-4; see also Smith v. Frank, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed . . . ."); Gifford v. Heckler, 741 F.2d 263, 266 (9th Cir. 1984). Plaintiffs' failure to comply with the Local Rules is particularly egregious in light of Aerojet's counsel's repeated attempts to meet and confer. See Valenzuela Decl., ¶¶ 7-8.

Further, for the reasons discussed above, Aerojet's Motion is granted in its entirety. The Court finds Plaintiffs' failure to serve the authorizations for their medical records as required by the Court's Scheduling Order is not substantially justified. In addition, the Court finds there are no circumstances making "an award of expenses unjust." See Fed. R. Civ. P. 37(a)(5)(A). Accordingly,

pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Aerojet is entitled to recover its reasonable expenses, including attorney's fees, incurred in making the instant Motion. See id.

### b. The Amount of Expenses Requested is Reasonable

Aerojet requests Plaintiffs and Plaintiffs' counsel, jointly and severally, pay $5,590.00 for fees and costs incurred in bringing the Motion. In support of this request, Aerojet has submitted Mr. Valenzuela's declaration, which establishes (1) Mr. Valenzuela spent 6.3 hours researching and preparing the Motion, 2.9 hours preparing the Notice of Non-Opposition, and $70 in costs to provide the Court with courtesy copies of the Motion; and (2) Mr. Valenzuela's hourly rate for this matter is $600.00. Valenzuela Decl., ¶ 10; Dkt. 45-1, Valenzuela Supplemental Declaration, ¶ 4; see Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993) ("[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are 'sufficiently detailed to enable the court to consider all the factors necessary in setting the fees.'").

The Court finds both the hours spent preparing Motion as well as Mr. Valenzuela's hourly rate are reasonable. Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 277 (C.D. Cal. 2008) (awarding $5,585.00 as reasonable expenses incurred in making similar motion to compel, finding 8.5 hours and hourly rate of $490 reasonable); Tacori Enters. v. Beverlly Jewellery Co., 253 F.R.D. 577, 585 (C.D. Cal. 2008) (awarding $6,150.00 as reasonable expenses incurred in making similar motion to compel, finding 7.5 hours spent by two attorneys whose hourly rates were $555 and $265 reasonable).

Accordingly, Aerojet's request for payment of its reasonable expenses is GRANTED. Plaintiffs and Plaintiffs' counsel, jointly and severally, shall pay to Aerojet the sum of $5,590.00, which represents the reasonable expenses incurred by Aerojet in bringing this Motion.

### III.
### CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Aerojet's Motion to Compel is GRANTED. Plaintiffs shall serve the authorizations for their medical records as required by the Court's Scheduling Order **on or before June 18, 2019**.

(2) Aerojet's request for payment of reasonable expenses incurred in making the Motion is GRANTED. **Within thirty (30) days of the date of this Order**, Plaintiffs and Plaintiffs' counsel, Joseph Finnerty of Gerardi and Keese, jointly and severally, shall pay to Aerojet the sum of $5,590.00 as reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

(3) The hearing set for June 13, 2019 is hereby VACATED.

**IT IS SO ORDERED.**